Filed 8/2/24  In re J.G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>K.G.,<br><br>        Defendant and Appellant. | D083684<br><br>(Super. Ct. No. JJP001344) |

APPEAL from an order of the Superior Court of Imperial County, Marco D. Nuñez, Judge.  Dismissed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Eric R. Havens, County Counsel, Mistelle Abdelmagied, Assistant County Counsel, Kelly Ranasinghe and Wendy Miller, Deputies County Counsel, for Plaintiff and Respondent.

K.G. (Mother) filed this appeal following the removal of her 14-year-old son, J.G. (Child), from her custody after a contested disposition hearing. At a subsequent hearing, the juvenile court returned Child to Mother's custody. As Mother now agrees, this appeal is moot because the juvenile court has already granted the only relief she sought. We decline to exercise our discretionary authority to consider the appeal and instead dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Events Leading to the Appeal*

On December 1, 2023, the Imperial County Department of Social Services (the Department) took Child into protective custody after Mother suffered a mental health episode that left her unresponsive and on a psychiatric hold under Welfare and Institutions Code[1] section 5150. The alleged father's whereabouts remained unknown after reasonable efforts by the Department to locate him. Thus, the incident left Child without a caregiver.

On December 5, 2023, the Department filed a juvenile dependency petition on behalf of Child under section 300, subdivisions (b)(1) and (g). The following day, the juvenile court held a detention hearing. The court found that the Department had made a prima facie showing on the petition supporting continued removal of Child from Mother's custody.

On January 29, 2024, the court held a jurisdiction hearing and made a true finding on the petition. The court then held a contested disposition hearing on February 23, 2024, concluding the Department made reasonable efforts to prevent removal and return Child home and placement with Mother would be detrimental to him under section 361, subdivision (c).

---

[1] Undesignated references are to the Welfare and Institutions Code.

Consequently, the court ordered Child removed from Mother and placed in the custody of the Department.

Mother filed this appeal from the dispositional order. In her opening brief, she contended that the court erred at the dispositional hearing by ordering Child removed because reasonable means existed for his return to her custody under section 361, subdivision (c). Mother sought "a new disposition hearing to [obtain] placement of the minor with mother."

B. *Request for Judicial Notice and Events After the Disposition Hearing*

Following submission of Mother's opening brief and the Department's responding brief, on July 1, 2024, the Department moved for judicial notice of the juvenile court's minute order from June 17, 2024 (the June 17 Order). In that order, the court found that Mother had made significant progress in the case and that Child would not suffer detriment if returned to her custody. Therefore, the court ordered the return of Child to Mother's custody.

We agree with the Department that judicial notice of the June 17 Order is proper under Evidence Code, sections 452, subdivision (d)(1), and 459, and grant the unopposed request. The return of Child to Mother's custody is directly relevant to her claim that the court erred by ordering Child removed from her custody.

Since the Department's request, Mother has filed a letter brief stating that at the June 17 hearing, she received the relief she sought on appeal and would not be submitting a reply brief.

## DISCUSSION

In addition to its arguments on the merits of the appeal, the Department raised the issue of mootness due to the return of Child to the custody of Mother. Having received the relief in juvenile court that she sought here, Mother in essence agrees that the appeal is moot. We likewise

3

agree that the June 17 Order renders this appeal moot, and we decline to exercise discretionary authority to consider it.

An appeal in a dependency case is moot if subsequent events prevent a court from granting the appellant " ' "any effect[ive] relief" ' " even if she prevails. (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Effective relief requires: (1) "an ongoing harm" that is (2) "redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) We review mootness " ' "on a case-by-case basis," ' " including to determine " ' "whether [our] decision would affect the outcome in a subsequent proceeding." ' " (*Ibid.*)

We conclude Mother's appeal from the dispositional order removing Child from her custody is moot because the subsequent June 17 Order returned him to her custody. (See *In re Dani R.* (2001) 89 Cal.App.4th 402, 404, 406 [mother's argument that "the juvenile court erroneously denied her reunification services" was "undeniably moot, because she has since been offered reunification services"].) As she agrees, we cannot provide the relief Mother initially sought, "a new disposition hearing to [obtain] placement of the minor with mother," because she has already received that relief.

Nor will the court's decision affect the outcome in a subsequent proceeding. Mother does not challenge the juvenile court's jurisdictional finding or claim that removing Child from her custody was never appropriate; rather, the sole question is one of the proper timing of the return of custody. Whether Child should have been returned to Mother's custody on February 23, 2024, rather than June 17, 2024, will not affect future proceedings.

Even when an appeal is technically moot, we have discretion to review the merits of the challenge. (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) In *In re D.P.*, our Supreme Court provided a non-exhaustive list of factors warranting discretionary review of a jurisdictional finding in the dependency context,

4

including: "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction" ' "; "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct"; and whether "the findings against the parent who has appealed are based on more serious conduct." (*Id.* at pp. 285–286.)  None of these factors applies here, nor do we see any other reason to exercise discretion, particularly given that Mother does not wish to pursue review following the June 17 Order.

DISPOSITION

Mother's appeal of the dispositional order is dismissed as moot.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.